PAUL H. ACHITOFF (#5279)
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai‘i  96813
Telephone No.:  (808) 599-2436
Fax No.:  (808) 521-6841
Email:  achitoff@earthjustice.org

GEORGE A. KIMBRELL (*Pro Hac Vice*)
SYLVIA SHIH-YAU WU (*Pro Hac Vice*)
CENTER FOR FOOD SAFETY
303 Sacramento St., 2nd Floor
San Francisco, California 94111
T: (415) 826-2770 / F: (415) 826-0507
Emails:  gkimbrell@centerforfoodsafety.org
        swu@centerforfoodsafety.org

*Counsel for Proposed Intervenor-Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ROBERT ITO FARM, INC., *et al.*, | Case No.: 1:14-cv-00511-SOM-BMK |
| *Plaintiffs*, | APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING (1) ALIKA |
| v. | ATAY, LORRIN PANG, MARK SHEEHAN, BONNIE MARSH, |
| COUNTY OF MAUI, | LEI‘OHU RYDER, AND SHAKA MOVEMENT'S MOTION TO |
| *Defendant*, | INTERVENE AND (2) DENYING MOMS ON A MISSION HUI, |
| and | MOLOKA‘I MAHI‘AI, GERRY ROSS, |
| THE MOMS ON A MISSION (MOM) HUI, MOLOKA‘I MAHI‘AI, GERRY ROSS, and CENTER FOR FOOD SAFETY, | AND CENTER FOR FOOD SAFETY'S MOTION FOR LEAVE TO INTERVENE **[ECF NO. 63]** |
| *Proposed Intervenor-Defendants*. | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ................................................................ ii

I.      INTRODUCTION ................................................................... 1

II.     STANDARD OF REVIEW ...................................................... 3

III.    STATEMENT OF APPEAL ..................................................... 4

        A.      The Intervention Order ............................................... 4

        B.      Proposed Intervenors Satisfied All Four Prongs for Intervention
                as of Right, and the Denial of Their Motion Is Contrary to Law .......... 6

                1.      The Magistrate Judge's Decision to Treat SHAKA
                        Intervenors as "Existing Parties" for the Purpose of
                        Assessing Adequate Representation of Proposed
                        Intervenors' Cognizable Interests Is Plain Error. ...................... 7

                2.      The Decision to First Grant SHAKA Intervenors' Party
                        Status and Then Deny Proposed Intervenors' Intervention
                        as of Right Is Wholly Unsupported by Law and Contrary
                        to Ninth Circuit Policy. ............................................. 9

        C.      Proposed Intervenors Showed That SHAKA Will Not
                Adequately Represent Their Significantly Protectable Interests. ....... 12

                1.      Proposed Intervenors' Cognizable Interests Are Quite
                        Different From SHAKA Intervenors' Interests. ...................... 13

                2.      SHAKA Intervenors' Litigation Objectives Conflict with
                        Proposed Intervenors' Objectives in the Present Case. ........... 15

                3.      The Divergent and Conflicting Interests of Proposed
                        Intervenors and SHAKA Intervenors Sufficiently
                        Establish Inadequate Representation of Proposed
                        Intervenors' Interests. ............................................. 17

        D.      The Denial of Permissive Intervention Was Based on An
                Erroneous Legal Determination and Is An Abuse of Discretion. ....... 19

IV.     CONCLUSION ..................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beckman Indus. Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ...............................................................19

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
  712 F.3d 1349 (9th Cir. 2013) ...........................................................19

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
  309 F.3d 1113 (9th Cir. 2002) ......................................................6, 11

*Cal. Dump Truck Owners Ass'n v. Nichols*,
  275 F.R.D. 303 (E.D. Cal. 2011) ........................................................13

*Forest Conservation Council v. U.S. Forest Serv.*,
  66 F.3d 1489 (9th Cir. 1995) ...............................................................17

*Kootenai Tribe of Idaho v. Veneman*,
  313 F.3d 1094 (9th Cir. 2002) ...........................................................19

*Lovell v. United Airlines, Inc.*,
  728 F. Supp. 2d 1096 (D. Haw. 2010).........................................3, 4, 9

*Na Pali Haweo Cmty. Ass'n v. Grande*,
  252 F.R.D. 672 (D. Haw. 2008) ...........................................................4

*Perry v. Proposition 8 Official Proponents*,
  587 F.3d 947 (9th Cir. 2009) .........................................7, 12, 17, 19

*Prete v. Bradbury*,
  438 F.3d 949 (9th Cir. 2006) ...............................................................13

*Sagebrush Rebellion, Inc., v. Watt*,
  713 F.2d 525 (9th Cir. 1983) ...............................................................13

*San Jose Mercury News v. U.S. District Court*,
  187 F.3d 1096 (9th Cir. 1999) ...............................................................4

**Page(s)**

**Federal Cases**

*Sklar v. Commissioner*,
   282 F.3d 610 (9th Cir. 2002) ...............................................................4

*Sw. Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ........................................................*passim*

*Trbovich v. United Mine Workers*,
   404 U.S. 528 (1972)..............................................................12, 18

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) ...............................................19

*United States v. City of L.A.*,
   288 F.3d 391 (9th Cir. 2002) .......................................................10, 12

*United States v. State of Washington*,
   86 F.3d 1499 (9th Cir. 1996) ...............................................................6

*Wilderness Soc'y v. U.S. Forest Serv.*,
   630 F.3d 1173 (9th Cir. 2011) (*en banc*)......................................*passim*

**Unpublished Federal Cases**

*Ctr. for Food Safety v. Connor*,
   No. 08-cv-00484 JSW (N.D. Cal. filed Aug. 15, 2008) ....................................11

*Ctr. for Food Safety v. Vilsack*,
   No. 11-cv-1310 SC (N.D. Cal. filed Aug. 25, 2011).......................................11

*Natural Resources Defense Council v. Norton*,
   No. 05-cv-01207 OWW TAG, 2006 WL 39094 (E.D. Cal. Jan 5,
   2006) ...............................................................11

*Nw. Envtl. Advocates v. U.S. EPA*,
   No. 3:12-cv-01751 AC, 2014 WL 1094981 (D. Or. Mar. 19, 2014) ................19

*Syngenta Seeds, Inc. v. Cnty. of Kauaʻi*,
   No. 14-cv-00014 BMK, 2014 WL 1631830 (D. Haw. Apr. 23,
   2014) ...............................................................3, 13

**Page(s)**

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 24(a) .......................................................................................*passim*

Fed. R. Civ. P. 24(b) ............................................................................................4, 19

Fed. R. Civ. P. 72 ..................................................................................................3, 4

**Local Rules**

Local Rule 74.1 .....................................................................................................3, 4

Local Rule 74.3 ........................................................................................................3

I.     INTRODUCTION

The present litigation concerns a Maui County ballot initiative (the GE Initiative) placing a moratorium on the planting of genetically engineered crops within the County.  Plaintiffs, including agrichemical companies that operate thousands of acres of genetically engineered crop fields on Molokaʻi and hundreds more on Maui, challenge the legality of the GE Initiative.  Proposed Intervenors The Moms on a Mission (MOM) Hui, Molokaʻi Mahiʻai, Gerry Ross, and Center for Food Safety (CFS) (collectively Proposed Intervenors) are residents of Molokaʻi and Maui who suffer personal health problems caused by Plaintiffs' cultivation of genetically engineered crops and pesticide applications near their homes; farmers and beekeepers on Molokaʻi and Maui whose livelihoods are injured by the threat of transgenic contamination and pesticide drift from nearby operations of genetically engineered crops; and a public interest group that is the national leader on agricultural biotechnology and pesticides, and who, in addition to its substantial contributions to enacting the GE Initiative, has previously worked to uphold the rights of other counties, in Hawaiʻi and around the nation, to enact similar measures.  Without the GE Initiative, Proposed Intervenors and their members will continue to suffer exposure to toxic pesticides, and Proposed Intervenors' crops and farm products will continue to face injury from pesticide drift and transgenic contamination.

1

Magistrate Judge Kurren nonetheless denied Proposed Intervenors' motion to intervene, even though his Order acknowledges Proposed Intervenors' unique and significant interests in defending the GE Initiative and the County Defendant's inadequate representation of them, and found that Proposed Intervenors satisfied all requirements for intervention as of right. *See* Order Granting (1) Alika Atay, Lorrin Pang, Mark Sheehan, Bonnie Marsh, Leiʻohu Ryder, and SHAKA Movement's Motion to Intervene and (2) Denying Moms on a Mission Hui, Molokaʻi Mahiʻai, Gerry Ross, and Center for Food Safety's Motion for Leave to Intervene, ECF No. 63 (the Intervention Order).

As explained below, the denial of Proposed Intevenors intervention, either as of right or permissively, is clearly erroneous and contrary to law. As a result of Magistrate Judge Kurren's ruling, Proposed Intervenors are precluded from *any* participation in the present litigation. As a result of the ruling, Proposed Intervenors are unable to defend the challenged GE Initiative's legality, the enactment of which is the only line of defense between Plaintiffs' toxic operations and Proposed Intervenors' personal health and livelihoods, and the validity of which is at the core of Proposed Intervenor CFS's organizational mission. And as a result of the ruling, this Court is deprived of Proposed Intervenors' expertise on, and intimate knowledge of, genetically engineered crops and their impacts; instead,

2

this Court is left to adjudicate the important questions raised in this case without a full adversarial proceeding.

Pursuant to Local Rules 74.1 and 74.3, and Rule 72 of the Federal Rules of Civil Procedure, Proposed Intervenors respectfully request this Court reverse the denial of Proposed Intervenors' motion to intervene, and grant Proposed Intervenors intervention as of right as required by law or, at a minimum, permissive intervention.[1]  Absent such relief, the Magistrate Judge's erroneous decision will severely prejudice Proposed Intervenors in this important matter.

## II.    STANDARD OF REVIEW

Under Local Rule 74.1, a district judge may set aside a magistrate judge's order, or any portion thereof, found to be "clearly erroneous or contrary to law." LR74.1; *see* Fed. R. Civ. P. 72.  "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010)

---

[1] To prevent any delay to the present proceeding, Proposed Intervenors are concurrently filing a motion to shorten time on the present appeal of Magistrate Judge Kurren's Intervention Order.  Should the Court reverse the denial of Proposed Intervenor's motion to intervene and grant Proposed Intervenors intervention, Proposed Intervenors are willing to comply with the briefing schedule currently in place, should the Court conclude that the schedule remains appropriate.  Proposed Intervenors previously participated in *Syngenta Seeds*, *Inc. v. Cnty. of Kaua'i,* No. 14-cv-00014 BMK, 2014 WL 1631830 (D. Haw. Apr. 23, 2014), regarding Kaua'i County's ordinance on pesticide and genetically engineered organisms, without causing any undue delay or prejudice to the parties in that case.

(quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)) (internal quotation marks omitted).  A district judge reviews a magistrate judge's legal conclusions *de novo*.  *Lovell*, 728 F. Supp. 2d at 1100; *see* Fed. R. Civ. P. 72; LR74.1.  No deference is owed to the magistrate judge's conclusions. *See, e.g.*, *Sklar v. Commissioner*, 282 F.3d 610, 612 (9th Cir. 2002).

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right and permissive intervention.  Fed. R. Civ. P. 24(a)(2), (b).  Other than a denial based on timeliness, a denial of intervention as of right under Rule 24(a)(2) is reviewed *de novo*.  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  A denial of permissive intervention is reviewed for abuse of discretion generally, but when it turns on an underlying legal determination, then that determination is reviewed *de novo*.  *San Jose Mercury News v. U.S. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999).

III.   STATEMENT OF APPEAL

A.   The Intervention Order

On November 21, 2014, Proposed Intervenors and another applicant group (the SHAKA Intervenors) both moved to intervene in this case.  *See* Proposed Intervenors' Mot. Intervene, ECF No. 40; SHAKA Intervenors' Mot. Intervene, ECF No. 37.  The latter group includes the official proponents of the challenged GE Initiative, who are also plaintiffs seeking a ruling in a previously-filed state

4

court action that Plaintiffs are not entitled to the relief Plaintiffs seek in this case.

After briefing and hearing on the two motions, Magistrate Judge Kurren issued the

Intervention Order on December 15, 2014.  Intervention Order, ECF No. 63.

Magistrate Judge Kurren found that Proposed Intervenors and SHAKA Intervenors

each met all four criteria warranting intervention as of right.  The Intervention

Order finds:

> (1) The timeliness of [the motions to intervene] is uncontested,
> Intervention Order 6;
>
> (2) "SHAKA Intervenors and [Proposed Intervenors] each assert
> significantly protectable interests," Intervention Order 9;
>
> (3) "[I]nvalidation of the [challenged GE Initiative] would impair
> those interests," Intervention Order 10; and
>
> (4) "[Proposed Intevenors and SHAKA intervenors] meet their burden
> of showing that the County's representation 'may be inadequate,'"
> Intervention Order 13.

*See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en*

*banc*) (listing four-part test for intervention).

Despite finding that both groups satisfied the requirements for intervention

as of right under Rule 24(a)(2), Magistrate Judge Kurren granted intervention and

full party status to only the SHAKA Intervenors, and denied Proposed Intervenors

intervention.  Magistrate Judge Kurren concluded that the SHAKA Intervenors,

whom he granted party status by way of the same Order, would now adequately

represent Proposed Intervenors' unique personal, property, and organizational interests in this lawsuit.  *See* Intervention Order 15.

      B.    <u>Proposed Intervenors Satisfied All Four Prongs for Intervention as of Right, and the Denial of Their Motion Is Contrary to Law.</u>

Under Ninth Circuit law, an applicant meeting all four criteria for intervention must be allowed to intervene as of right.  *See Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) ([A] district court *must* grant a motion to intervene … if four criteria are met: timeliness, an interest relating to the subject of the litigation, practical impairment of an interest of the party seeking intervention if intervention is not granted, and inadequate representation by the *parties to the action*." (quoting *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996)) (emphases added).

Denying Proposed Intervenors intervention as of right is thus contrary to both established law in this Circuit as well as the plain language of Rule 24(a), and is wholly unsupported by the policy and practice of the Ninth Circuit.  The denial of permissive intervention based on the same erroneous legal finding of adequate representation by SHAKA Intervenors is similarly contrary to law.

1.   The Magistrate Judge's Decision to Treat SHAKA Intervenors as "Existing Parties" for the Purpose of Assessing Adequate Representation of Proposed Intervenors' Cognizable Interests Is Plain Error.

The plain language of Rule 24(a)(2) and this Circuit's four-part test for assessing motions to intervene as of right require a court to analyze adequate representation of an applicant's significant interests by *existing* parties, not other applicants who are not yet parties to the litigation.  Rule 24 states, in pertinent parts:

> (a) Intervention as of Right.  On timely motion, the court *must* permit anyone to intervene who:
>
> …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest.*

Fed. R. Civ. P. 24(a) (emphases added).  This Circuit's four-part test for intervention as of right also assesses adequate representation of an applicant's interests by *existing* parties only.  *See Wilderness Soc'y*, 630 F.3d at 1177 ("[T]he applicant's interest must be inadequately represented by the *parties to the action*.") (emphasis added).  Similarly, all three factors in this Circuit's three-factor test for determining adequate representation all speak to representation by *present* parties to the action.  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th

7

Cir. 2009) (assessing adequate representation of an applicant for intervention based on: (1) the "interest of a *present* party," (2) the arguments "the *present* party is capable and willing to make"; and (3) elements to the proceeding that *other parties* would neglect) (emphases added).

Indeed, the Intervention Order also acknowledges that "the adequacy or inadequacy of representation is judged by analysis of the *existing parties*." Intervention Order 11 (emphasis added).  Before Magistrate Judge Kurren ruled on the two motions to intervene, the only existing parties in this lawsuit were the Plaintiffs and the Defendant County.  And Magistrate Judge Kurren concluded that the existing County Defendant did not adequately represent either SHAKA Intervenors or Proposed Intervenors.  *See* Intervention Order 13, 15.  Magistrate Judge Kurren nonetheless denied Proposed Intervenors' concurrent request for intervention based on his conclusion that SHAKA Intervenors—who became a party by way of the same Order—now adequately represents Proposed Intervenors' interest. *Id.* at 15.  SHAKA Intervenors were not existing parties when Proposed Intervenors filed their motion to intervene; by comparing the two groups' interests in assessing adequate representation, Magistrate Judge Kurren misapplied the relevant factor, and entirely ignored that the test for adequate representation focuses on representation by existing parties only.  His decision to deny Proposed Intervenors' intervention solely on the basis of finding adequate representation by

8

the other applicants for intervention is therefore contrary to law. *See Lovell*, 728

F. Supp. 2d at 1100.

> 2.  The Decision to First Grant SHAKA Intervenors' Party Status and Then Deny Proposed Intervenors' Intervention as of Right Is Wholly Unsupported by Law and Contrary to Ninth Circuit Policy.

The Intervention Order fails to supply any reason or legal support for first

granting SHAKA's motion to intervene and using that to then deny Proposed

Intervenors' motion, when both motions were filed on the very same day and when

the timeliness of both motions is undisputed. *See* ECF Nos. 37, 40; Intervention

Order 7 (timeliness of the motions are uncontested).  Although not entirely clear,

Magistrate Judge Kurren seems to have granted SHAKA Intervenors' intervention

request because he concluded that SHAKA "played a greater role in the initiative

process than [Proposed Intervenors]." Intervention Order 15 (granting SHAKA

Intervenors party status "[i]n light of their unique role in the initiative process.").

However, the plain language of Rule 24(a)(2) and this Circuit's four-part test

do not require that an applicant for intervention demonstrate that it has the

"greatest role," but only that it demonstrate a significantly protectable interest that

may be impaired by the litigation, which it is undisputed Proposed Intervenors did.

*See* Intervention Order 8-9; Fed. R. Civ. P. 24(a)(2); *Wilderness Soc'y*, 630 F.3d at

1177 ("[T]he applicant must claim a 'significantly protectable' interest …."). An

interest either is, or is not, cognizable for intervention; no weighing or comparing of *different* significantly protectable interests is permitted.  Magistrate Judge Kurren found that Proposed Intervenors and SHAKA Intervenors "each assert significantly protectable interests."  Intervention Order 8-9.  As a result of the Intervention Order, Proposed Intervenors, as mothers and farmers on Molokaʻi and Maui who are most directly affected by the genetically engineered crop operations the GE Initiative would halt, are left out of the present litigation.

The denial of Proposed Intervenors' motion for intervention while granting the SHAKA Intervenors' concurrent motion also flies in the face of Rule 24(a)(2) and the accepted policy and practice in this Circuit.  The Ninth Circuit has an established "liberal policy in favor of intervention" to facilitate "efficient resolution of issues and broadened access to the courts."  *Wilderness Soc'y*, 630 F.3d at 1179*; see United States v. City of L.A.*, 288 F.3d 391, 398 (9th Cir. 2002) ("allowing parties with a practical interest in the outcome of [the case] to intervene" reduces and eliminates "future litigation involving related issues[,]" and enables "an additional interested party to express its views before the court").  The advisory committee notes to Rule 24(a)(2) are in accord, providing that "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."  Fed. R. Civ. P. 24 Advisory Comm. Notes (1966).  District courts therefore routinely *allow*

10

*multiple groups* with overlapping interests, and sharing the same ultimate objective, to intervene. *See Ctr. for Food Safety v. Connor*, No. 08-cv-00484 JSW (N.D. Cal. filed Aug. 15, 2008), ECF No. 113 (granting intervention to multiple industry intervenors all sharing the same objective of defending the commercialization of genetically engineered sugar beets); *see also Ctr. for Food Safety v. Vilsack*, No. 11-cv-1310 SC, ECF No. 94 (N.D. Cal. filed Aug. 25, 2011) (granting intervention to alfalfa growers association in lawsuit challenging the commercialization of genetically engineered alfalfa when other similarly-situated industry intervenors seeking the same result had already been granted intervention); *accord Natural Resources Defense Council v. Norton,* No. 05-cv-01207 OWW TAG, 2006 WL 39094 (E.D. Cal. Jan 5, 2006) (granting intervention as of right to the California Department of Water Resources despite previously admitting other water districts as intervenors).

In sum, the plain language of Rule 24(a)(2) and this Circuit's precedent dictate that a "unless *existing parties* adequately represent [an applicant's] interest," a timely motion for intervention as of right "must" be granted.  Fed. R. Civ. P. 24(a)(2); *see Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1119. Nothing in Rule 24(a)(2) or this Circuit's standards for finding intervention as of right supports Magistrate Judge Kurren's decision to deny Proposed Intervenors the same status after finding that Proposed Intervenors satisfied the test for

11

intervention as of right.  The denial of intervention left Proposed Intervenors

unable to defend their unique interests in upholding the GE Initiative, and deprived

this Court of the benefit of the views of additional parties in resolving this

important matter.  *See City of L.A.*, 288 F.3d at 398.  The Court should set aside the

denial of Proposed Intervenors' intervention as of right.

        C.      <u>Proposed Intervenors Showed That SHAKA Will Not Adequately Represent Their Significantly Protectable Interests.</u>

The Intervention Order's finding that SHAKA Intervenors will adequately

represent Proposed Intervenors' significantly protectable interests is clearly

erroneous.

The Ninth Circuit applies a three-factor test to assess adequate

representation:

> (1) whether the interest of a present party is such that it will
> *undoubtedly* make all of a proposed intervenor's arguments; (2)
> whether the present party is *capable and willing* to make such
> arguments; and (3) whether a proposed intervenor would offer *any*
> necessary elements to the proceeding that other parties would neglect.

*Perry*, 587 F.3d at 952 (emphases added) (internal quotations omitted).  The

burden of showing inadequate representation is "minimal," and the applicant need

only show that representation of its interests by existing parties "'may be'

inadequate."  *Berg,* 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*,

404 U.S. 528, 538 n.10 (1972)); *Sagebrush Rebellion, Inc., v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) ("[T]he burden of making this showing is minimal.").

Although a presumption of adequate representation arises when an existing party and the applicant for intervention "share the same ultimate objective," the presumption is rebuttable. *Prete v. Bradbury*, 438 F.3d 949, 956-57 (9th Cir. 2006); *see Sagebrush Rebellion*, 713 F.2d at 528 (granting intervention where court found that defendant Secretary of the Interior might not adequately represent public interest group intervenor's interest); *Syngenta Seeds*, *Inc. v. Cnty. of Kaua'i*, No. 14-cv-00014 BMK, 2014 WL 1631830, at *7 (D. Haw. Apr. 23, 2014) ("Even where the government and a proposed intervenor share the same 'ultimate objective,' their underlying interests may differ sufficiently to justify intervention."). "*Any doubt* as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention." *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 307 (E.D. Cal. 2011) (emphasis added). Proposed Intervenors showed that their interests will not be adequately represented by then-existing party County Defendant, nor by SHAKA Intervenors.

     1.    <u>Proposed Intervenors' Cognizable Interests Are Quite Different From SHAKA Intervenors' Interests.</u>

As the Intervention Order acknowledges, Proposed Intervenors and SHAKA Intervenors each have significantly protectable interests in the present litigation.

13

Intervention Order 8-9.  Specifically, Proposed Intervenors represent the unique interests of residents and small family farmers of Molokaʻi and Maui who live and work in proximity to Plaintiffs' field operations and associated pesticide applications, as well as the broader interests of CFS, the leading national public interest group protecting local regulation of genetically engineered organisms.  *See* Proposed Intevenors' Mem. Supp. Mot Intervene 9-17, ECF No. 40-1; Decls. of Lukens, Davis, Ritte, Ness, Ross & Buchanan, ECF Nos. 40-2 to -7.

These interests are very different from the SHAKA Intervenors' interests as the official proponents of the challenged GE Initiative and as plaintiffs in the earlier-filed state action.  *See* SHAKA Intervenors' Mem. Supp. Mot. Intervene 11-13, ECF No. 37-1.  SHAKA Intervenors do not represent the interests of residents of Molokaʻi, where most of Plaintiffs' genetically engineered crop field operations are taking place.  *See* Proposed Intevenors' Mem. Supp. Mot Intervene 11; Buchanan Decl. ¶¶ 6-18; Ritte Decl. ¶¶ 2-3; Davis Decl. ¶¶ 1-4.  SHAKA Intervenors do not represent the interests of farmers whose property interests are being harmed by Plaintiffs' operations.  *See* Proposed Intevenors' Mem. Supp. Mot Intervene 11-12; Ross Decl. ¶¶ 5-6; Buchanan Decl. ¶¶ 6-18.  SHAKA Intervenors also do not represent the interests of those who have been sickened by exposure to Plaintiffs' pesticides.  *See* Ritte Decl. ¶¶ 2-3; Davis Decl. ¶¶ 1-4.  It is undisputed that Proposed Intervenors *alone* represent these specific and direct interests, and

14

that they are significantly protectable interests that may be impaired by the disposition of this case. *See* Intervention Order 7-9.

SHAKA Intervenors also do not and cannot represent the broader organizational interests of Proposed Intervenor CFS, which, unlike SHAKA Intervenors, is a nationwide organization with over 600,000 members, with the central mission to improve the oversight of genetically engineered crops at the federal, state, and local levels. In furtherance of that mission, CFS has worked with dozens of counties to enact ordinances regulating related activities, including Kaua'i and Hawai'i counties; and its interests in continuing to so work in the public interest are threatened by Plaintiffs' specific legal challenge here. *See* Proposed Intervenors' Mem. Supp. Mot. Intervene 12-15; Lukens Decl. ¶¶ 4-12, 15-18.

> ### 2. SHAKA Intervenors' Litigation Objectives Conflict with Proposed Intervenors' Objectives in the Present Case.

While Proposed Intervenors and SHAKA Intervenors both seek to uphold the validity of the GE Initiative, as plaintiffs in the earlier-filed state action, the SHAKA Intervenors' objective is to stay or dismiss the present action so that they may proceed in state court, and they have already filed a motion to dismiss to achieve this separate objective. *See* SHAKA Intervenors' Mot. Dismiss, ECF No. 37. Proposed Intervenors are not a party to the state action. Proposed Intervenors'

Answer did not assert any of the abstention doctrines as affirmative defenses, as did the SHAKA Intervenors. *Compare* Proposed Intervenors' Proposed Answer, ECF No. 40-8, *with* SHAKA Intervenors' Proposed Answer, ECF No. 37-4. As the Intervention Order recognizes, Proposed Intervenors and SHAKA Intervenors *have conflicting objectives* in the outcome of the present litigation. Intervention Order 14 ("One apparent difference between the intervenor groups is with respect to the issue of abstention.").

As was made clear at the hearing and in Proposed Intervenors' briefing on the motion to intervene, SHAKA Intervenors' primary litigation objective, which is to stay or dismiss the present action, *directly conflicts* with Proposed Intervenors' right to defend the GE Initiative to protect Proposed Intervenors and their members, who possess unique personal health, property, and organizational interests not shared by any of the SHAKA Intervenors. *See* Proposed Intervenors' Reply Supp. Mot. Intervene 14-16; *Berg*, 268 F.3d at 823 (holding that intervenors' interests were not adequately represented by existing defendants where "the priorities of the [defendants] are not simply to confirm the [a]pplicants' interests [in the subject matter of the litigation].")

16

   3.   The Divergent and Conflicting Interests of Proposed
        Intervenors and SHAKA Intervenors Sufficiently Establish
        Inadequate Representation of Proposed Intervenors' Interests.

Magistrate Judge Kurren's creation of an adequate representation issue by

granting one contemporaneous motion first is unprecedented.  However, even if it

were legitimate, the Ninth Circuit has found inadequate representation between an

existing party and an applicant for intervention on much narrower grounds.  *See,*

*e.g.*, *Berg*, 268 F.3d at 823-24 (finding that applicant and defendant do not share

"sufficiently congruent interests" and that applicant has rebutted the presumption

of adequate representation where defendant's "range of considerations … is

broader than" the private sector applicants); *Forest Conservation Council v. U.S.*

*Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) ("Inadequate representation is

most likely to be found when the applicant asserts a personal interest that does not

belong to the general public."), *abrogated on other grounds*, *Wilderness Soc'y*, 630

F.3d 1173, *cf. Perry*, 587 F.3d at 951-52 (finding adequate representation by

existing ballot initiative intervenors where, unlike here, applicant for intervention

asserted no personal health or property interests and sought to intervene based

solely on their support of the challenged constitutional amendment).  Magistrate

Judge Kurren's conclusion that the SHAKA Intervenors would adequately

represent Proposed Intervenors' personal and property interests, as well as their

broader organizational interests, is contrary to Ninth Circuit on-point precedents.

17

Accordingly, the divergent interests and conflicting objectives in the outcome of the present litigation between Proposed Intervenors and SHAKA Intervenors go beyond "mere differences in litigation strategy," and Proposed Intervenors meet all three factors for finding inadequate representation by SHAKA Intervenors. *See Berg*, 268 F.3d at 823-24.  Given SHAKA Intervenors' priority of staying the present action, SHAKA Intervenors certainly will not "undoubtedly make all of [Proposed Intervenor's] arguments" or be "capable and willing to make such arguments." *Id.*  Similarly, since SHAKA Intervenors simply do not share the perspectives of Proposed Intervenors and their members as residents of Moloka'i, where most of Plaintiffs' operations are occurring, nor their personal health and property interests, nor the broader organizational interests of Proposed Intervenor CFS, SHAKA Intervenors will not "undoubtedly make all of [Proposed Intervenor's] arguments." *Id.*  Proposed Intervenors have made a compelling showing that representation by SHAKA Intervenors may be inadequate.  *See id.* at 824 ("It is sufficient for [a]pplicant to show that, because of the differences in interests, it is likely that [d]efendant will not advance the same arguments); *Trbovich*, 404 U.S. at 538 ("[T]here is sufficient doubt about the adequacy of representation to warrant intervention.").  Nothing more is required.  The Court should set aside the Intervention Order's finding that SHAKA Intervenors

adequately represent Proposed Intervenors' significant interests, and hold that

Proposed Intervenors are entitled to intervention as of right.

      D.    <u>The Denial of Permissive Intervention Was Based on An Erroneous Legal Determination and Is An Abuse of Discretion.</u>

As with intervention as of right, under Rule 24(b), "the Ninth Circuit

upholds a liberal policy in favor of intervention." *Nw. Envtl. Advocates v. U.S.*

*EPA*, No. 3:12-cv-01751 AC, 2014 WL 1094981, at *2 (D. Or. Mar. 19, 2014);

*see, e.g.*, *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Permissive intervention is appropriate where there is "(1) an independent

ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

fact between the movant's claim or defense and the main action." *Blum v. Merrill*

*Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting

*Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). A district

court "may also consider other factors in the exercise of its discretion, such as "the

nature and extent of the intervenors' interest" and "whether intervenors' interests

are adequately represented," after the factors for permissive intervention have been

met. *Perry*, 587 F.3d at 955. Importantly, under Rule 24(b), a proposed intervenor

need not demonstrate inadequate representation. *Kootenai Tribe of Idaho v.*

*Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other grounds*,

*Wilderness Soc'y*, 630 F.3d 1173.

Magistrate Judge Kurren's denial of permissive intervention is based on the plain legal errors of: 1) misapplying Rule 24's standards to compare the two groups of applicants, neither yet parties to the case, and then to only allow intervention to the one with the "greater" interest in his view, when both met the standards; and 2) finding that SHAKA Intervenors would adequately represent Proposed Intervenors' interests. *See supra* pp. 5-19.  It is undisputed that Proposed Intervenors meet the permissive intervention criteria.  Intervention Order 16; *see* Proposed Intervenors' Mem. Supp. Mot. Intervene 27-32.  Nonetheless, Magistrate Judge Kurren denied permissive intervention based on his finding that SHAKA Intervenors "will adequately protect the interests of the Proposed Intervenors." Intervention Order 16.  As explained above and in detail in Proposed Intervenors' reply brief in support of the motion to intervene, neither SHAKA Intervenors nor the County Defendant adequately represents Proposed Intervenors' interests.  *See supra* pp. 12-19; Proposed Intervenors' Reply Supp. Mot. Intervene 14-16. Magistrate Judge Kurren predicated his permissive intervention denial wholly on his underlying legal errors concerning intervention as of right.  In light of this Circuit's liberal policy in favor of intervention and the lack of any factors against permissive intervention, the Court should reverse the denial and grant Proposed Intervenors permissive intervention.

20

IV.   CONCLUSION

Magistrate Judge Kurren's denial of Proposed Intervenors' motion to intervene is contrary to law and wholly unsupported by this Circuit's precedent and established practice.  The Intervention Order found that Proposed Intervenors possessed significantly protectable interests that may be impaired by the outcome of the present litigation, and that the Defendant County does not adequately represent such interests.  Accordingly, under Ninth Circuit law, Proposed Intervenors must be allowed to intervene as of right.  The denial of Proposed Intervenors intervention as of right is therefore contrary to law, as is the Magistrate Judge's denial of permissive intervention.  Because of the erroneous ruling, Proposed Intervenors are barred from participating in the present lawsuit to defend their unique interests in upholding the GE Initiative for the protection of their personal health and property, and in furtherance of their organizations' central missions.  Proposed Intervenors are, and will continue to be, severely prejudiced by Magistrate Judge Kurren's unlawful decision.

For the foregoing reasons, Proposed Intervenors respectfully request that this Court reverse the Intervention Order denying Proposed Intervenors' motion to intervene, and allow Proposed Intervenors to intervene as of right.

21

DATED: San Francisco, California, December 22, 2014.

Respectfully submitted,

/s/ Sylvia Shih-Yau Wu
SYLVIA SHIH-YAU WU (*Pro Hac Vice*)
GEORGE A. KIMBRELL (*Pro Hac Vice*)
Center for Food Safety
303 Sacramento St., 2nd Floor
San Francisco, California 94111
T: (415) 826-2770 / F: (415) 826-0507
Emails:  swu@centerforfoodsafety.org
        gkimbrell@centerforfoodsafety.org

/s/ Paul H. Achitoff
PAUL H. ACHITOFF (#5279)
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi  96813
Telephone No.:  (808) 599-2436
Fax No.:  (808) 521-6841
Email:  achitoff@earthjustice.org

*Counsel for Proposed Intervenor-Defendants*