IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT ITO FARM, INC., et al., <br><br>      Plaintiffs, <br><br>  vs. <br><br>COUNTY OF MAUI, <br><br>      Defendant, <br><br>  and <br><br>ALIKA ATAY, et al., <br><br>      Intervenor-<br>      Defendants, <br><br>THE MOMS ON A MISSION (MOM) HUI, MOLOKA`I MAHI`AI, GERRY ROSS, and CENTER FOR FOOD SAFETY, <br><br>      Proposed <br>      Intervenor-<br>      Defendants. | CIVIL NO. 14-00511 SOM-BMK <br><br>ORDER REGARDING APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING MOMS ON A MISSION HUI, MOLOKA`I MAHI`AI, GERRY ROSS, AND CENTER FOR FOOD SAFETY'S MOTION FOR LEAVE TO INTERVENE; ORDER GRANTING LEAVE TO PROPOSED INTERVENORS TO FILE AMICUS CURIAE BRIEF |

**ORDER REGARDING APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING MOMS ON A MISSION HUI, MOLOKA`I MAHI`AI, GERRY ROSS, AND CENTER FOR FOOD SAFETY'S MOTION FOR LEAVE TO INTERVENE; ORDER GRANTING LEAVE TO PROPOSED INTERVENORS TO FILE AMICUS CURIAE BRIEF**

I.      INTRODUCTION

      Plaintiffs in this case challenge a County of Maui ordinance passed through the initiative process in the 2014 election that prohibits the cultivation of genetically modified organisms. Before the court is an appeal from an order issued by Magistrate Judge Barry M. Kurren denying a motion to intervene

filed by Proposed Intervenors Moms on a Mission Hui, Moloka`i Mahi`ai, Gerry Ross, and Center Food Safety. The court does not here disturb Magistrate Judge Kurren's intervention ruling, but does grant Proposed Intervenors leave to file a brief as amicus curiae.

This court is compelled to resolve this intervention issue in considerable haste. Pending before the court is a summary judgment motion filed by Plaintiffs. Opposing memoranda are due toward the end of this month. Proposed Intervenors seek to intervene for the purpose of filing an opposing memorandum by that deadline. A reply memorandum deadline and hearing date have also been set with an eye toward giving the court an opportunity to rule on the summary judgment motion before the date that the challenged ordinance takes effect.

**II. PROPOSED INTERVENORS MAY NOT SEEK REVIEW BY A DISTRICT JUDGE OF MAGISTRATE JUDGE KURREN'S INTERVENTION RULING UNDER 28 U.S.C. § 636, LOCAL RULE 74.1, LOCAL RULE 74.2 OR RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

The court begins by addressing the procedural mechanism that Proposed Intervenors have used for challenging Magistrate Judge Kurren's ruling. In their original request, ECF No. 73, Proposed Intervenors said they were taking an appeal from that ruling to a district judge pursuant to 28 U.S.C. § 636(b)(1)(A), which concerns rulings on pretrial matters, and that the district judge should set aside the ruling if it was "clearly erroneous or contrary to law" under Local Rule 74.1 and Rule 72 of the Federal

Rules of Civil Procedure. In a subsequent filing, Proposed Intervenors took the position that the district judge should treat Magistrate Judge Kurren's ruling as "findings and recommendations" on a dispositive matter subject to de novo review under 28 U.S.C. § 636(b)(1)(B), Local Rule 74.2, and Rule 72 of the Federal Rules of Civil Procedure. See ECF No. 79 at Page ID # 2014. This court concludes that Magistrate Judge Kurren's ruling falls under neither provision of § 636(b)(1).

Subsection b of § 636 addresses matters that a district judge may designate or assign to a magistrate judge. Actions that a magistrate judge takes under subsection b are subject to review by a district judge. At the time he denied Proposed Intervenors' motion to intervene, Magistrate Judge Kurren was not acting pursuant to subsection b. Instead, he was presiding over this case pursuant to subsection c of 28 U.S.C. § 636.

Subsection c provides that, upon the consent of the parties, a magistrate judge may conduct all proceedings in a civil matter and order the entry of judgment in the case. Section 636(c)(3) provides that, upon entry of judgment in a case handled by a magistrate judge with the consent of the parties, an appeal may be taken directly to the court of appeals.

After Magistrate Judge Kurren denied Proposed Intervenors' motion to intervene, he ceased to be the presiding judge in this action, as other parties whose intervention motion

3

he had granted declined to consent to his conducting all proceedings. The present district judge then became the judge presiding over this case.

There does not appear to be any Ninth Circuit decision addressing either the issue or whether subsection c allows a magistrate judge to rule on an intervention motion brought by a movant who has not expressly consented to the magistrate judge's handling of all matters in the case, or the issue of whether an order denying intervention entered by a magistrate judge acting under subsection c may be reviewed by a district judge. There is division among the circuit and district courts that have examined these issues. At the circuit court level, the division is seen in the contrasting positions of the Second and Seventh Circuits.

In New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21, 24-25 (2d Cir. 1993), the Second Circuit said that, absent an intervenor's consent, a magistrate judge does not have the authority to enter a final order denying intervention. The Second Circuit reversed a district court ruling in which a district judge stated that the district judge lacked jurisdiction to review a magistrate judge's order denying intervention, issued while the magistrate judge was presiding over a case under § 636(c). The Second Circuit viewed the magistrate judge's order as having been in the nature of findings and a recommendation subject to review by a district judge.

4

By contrast, in People Who Care v. Rockford Board of Education, School District No. 205, 171 F.3d 1083, 1089 (7th Cir. 1999), the Seventh Circuit said that "the power to rule on motions to intervene is a necessary and proper incident of the magistrate judge's power to decide the underlying case" under § 636(c)(1). That statutory provision "requires only the consent of 'parties' to the magistrate judge's entering dispositive orders." The Seventh Circuit noted that an applicant for intervention is not a party and is instead only someone who "wants to *become* a party." Id.

This court joins a number of district courts that, having studied the issue, think the Seventh Circuit makes the better argument. See, e.g., Altier v. Worley Catastrophe Response, LLC, 2012 WL 161824, at *5 (E.D. La. Jan. 18, 2012); Centrue v. Golf Discount of St. Louis, Inc., 2010 WL 2802034, at *2 (E.D. Mo. July 15, 2010); Natural Resources Defense Council v. Gutierrez, 2007 WL 1518359, at *2 (N.D. Cal. May 22, 2007).

In the first place, the Second Circuit decision gives a magistrate judge presiding by consent under § 636(c) less deference than a magistrate judge presiding under § 636(b). That is, the Second Circuit treats a magistrate judge's intervention ruling as equivalent to findings and a recommendation subject to de novo review by a district judge when the magistrate judge is operating with the consent of the parties. But when operating

5

under § 636(b) (that is, without the consent of the parties), a magistrate judge deciding an intervention motion would typically enter an order, not findings and recommendation.  When the magistrate judge is operating under § 636(b), the magistrate judge's order on a nondispositive matter such as an intervention motion is subject to review by a district judge under the more deferential "clearly erroneous and contrary to law" standard.  In this court's view, it defies logic to say that a ruling by a magistrate judge operating with the consent of the parties is subject to more exacting scrutiny than exactly the same ruling by a magistrate judge operating without the consent of the parties.

In the second place, this court views the Second Circuit decision as undercutting the very authority that § 636(c) was intended to vest in magistrate judges to manage cases with the consent of the parties.  In focusing on the interests of nonparties, the Second Circuit diminishes the ability of a magistrate judge to manage a case that the parties have agreed the magistrate judge may manage.  Would-be intervenors are certainly not the only nonparties who might demand that issues be addressed by Article III judges, and the Second Circuit's reasoning could arguably invite other challenges by nonparties that could render application of § 636(c) impossible.  Could a nonparty witness seeking to quash a subpoena requiring the witness to appear at a deposition seek review of a magistrate

6

judge's decision by a district judge even when the magistrate judge is presiding under § 636(c)? What, if any, trial rulings in a § 636(c) case could nonparties immediately appeal to district judges? For example, could a trial witness held in civil contempt for refusing to answer a question appeal to a district judge? Could even a prospective juror seek review by a district judge of a magistrate judge's denial of the prospective juror's request to be excused from serving as a juror? It is not clear to this court that a prospective intervenor has more rights to consideration by an Article III judge than every other nonparty affected by rulings made by a magistrate judge operating under § 636(c). Yet, the disruption to an ongoing trial if every ruling affecting a nonparty during trial can be immediately appealed to a district judge is obvious.

Consistent with preserving the essence of the consent process embodied in § 636(c), this court rejects the suggestion that it may review, either de novo or under a "clearly erroneous or contrary to law" standard, a ruling entered by a magistrate judge presiding over a case under §636(c). Magistrate Judge Kurren's ruling, entered while Magistrate Judge Kurren had the consent of the then-parties to the case, was such a ruling, and this court will not countenance an appeal from it or rule on objections to it.

7

**III.     PROSPECTIVE INTERVENORS WERE NEVER WITHOUT RECOURSE.**

Prospective Intervenors contend that, if Magistrate Judge Kurren's ruling is not reviewable by a district judge, Prospective Intervenors are effectively left without any opportunity for review.  Of course, Magistrate Judge Kurren's ruling does actually remain reviewable by the Ninth Circuit, as even Prospective Intervenors acknowledge (although they complain that review by the Ninth Circuit will not occur quickly enough to permit their participation in the upcoming proceedings on Plaintiffs' pending motion).  And appellate review of Magistrate Judge Kurren's ruling was never the only avenue open to Prospective Intervenors.  Nothing ever prevented Prospective Intervenors from recognizing that, given the effect of § 636(c), Magistrate Judge Kurren's denial of intervention was tantamount to a district judge's denial of intervention.  Had this case been originally assigned to a different district judge and had that different district judge denied intervention, Prospective Intervenors could not have "appealed" the first district judge's ruling to the present district judge, but they could arguably have at least tried to make a showing as to why they were not barred by the law of the case doctrine from having the present district judge entertain a new intervention request by them.

The court hastens to say that the court is not advising an endless revisiting of previously decided matters.  The court

is simply pointing out that it would always feel empowered to enter its own correct ruling if persuaded that a prior ruling entered before the case was assigned to the present judge was erroneous, even if this court lacked authority to entertain a direct "appeal" from a magistrate judge who had presided under § 636(c). See United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) ("a court may have discretion to depart from the law of the case if: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result"). Proposed Intervenors chose to seek review only under § 636(b). This was, perhaps, a strategic decision, possibly made with the thought that this might result in expedited action by this court, but also possibly made with the thought that this court would look at the status of the case as it existed when Magistrate Judge Kurren issued his ruling (i.e., before anyone else was allowed to intervene).

To forestall what might be a fruitless endeavor, this court states that any new intervention request by Prospective Intervenors would be viewed in the light of the existing state of the case, which already includes Intervenor Defendants Alika Atay, Lorrin Pang, Mark Sheehan, Bonnie Marsh, Lei`ohu Ryder, and SHAKA Movement ("SHAKA Intervenors"). The SHAKA Intervenors, who

were only applicants for intervention earlier, are now indisputably existing parties. As Proposed Intervenors' own papers recognize, see ECF No. 73 at Page ID # 1464, to establish that they are entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, they must show, among other things, that their significant interests will not be adequately represented by existing parties. Whatever the merits of the arguments Proposed Intervenors made to Magistrate Judge Kurren on this matter, those arguments require considerable adjustment now that SHAKA Intervenors are existing parties.

While this court is not in the business of offering advisory rulings on motions that are not before the court, it does not want to see anyone (including, of course, the court itself) put to any waste of time or money, especially in a case that is already proceeding on a fast track. The court accordingly notes that it has not so far discerned in the record any reason that it might grant intervention as of right or permissive intervention to Prospective Intervenors, given the existing state of the case.

**IV.       LEAVE TO FILE A BRIEF AS AMICUS CURIAE IS GRANTED.**

The court grants Prospective Intervenors leave to file a brief as amicus curiae. The brief may be filed in opposition to Plaintiffs' pending dispositive motion no later than January 30, 2015, and may be no longer than 3000 words. Absent leave of

court, no oral argument will be allowed by Prospective Intervenors.

**V.      CONCLUSION.**

The court leaves untouched Magistrate Judge Kurren's intervention ruling. As that ruling was entered when Magistrate Judge Kurren was presiding over this case with the consent of the then-existing parties to this case, this court is without authority to review Magistrate Judge Kurren's ruling.

Proposed Intervenors are granted leave to file a brief as amicus curiae in opposition to Plaintiffs' pending summary judgment motion. The brief may be no longer than 3000 words and must be filed no later than January 30, 2015. Absent leave of court, no oral argument by Proposed Intervenors will be allowed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Robert Ito Farm, et al. v. County of Maui; Civil No. 14-00511 SOM-BMK; ORDER REGARDING APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING MOMS ON A MISSION HUI, MOLOKA`I MAHI`AI, GERRY ROSS, AND CENTER FOR FOOD SAFETY'S MOTION FOR LEAVE TO INTERVENE; ORDER GRANTING LEAVE TO PROPOSED INTERVENORS TO FILE AMICUS CURIAE BRIEF