IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT ITO FARM, INC., et al., )<br>)<br>      Plaintiffs, )<br>)<br>  vs. )<br>)<br>COUNTY OF MAUI, )<br>)<br>      Defendant, )<br>)<br>  and )<br>)<br>ALIKA ATAY, et al., )<br>)<br>      Intervenor-<br>      Defendants )<br>_____ ) | CIVIL NO. 14-00511 SOM/BMK<br><br>ORDER EXTENDING INJUNCTION<br>ENTERED INTO BY STIPULATION |

**ORDER EXTENDING INJUNCTION ENTERED INTO BY STIPULATION**

**I.      INTRODUCTION.**

Two bills were introduced in the Legislature of the State of Hawaii seeking to prohibit county ordinances abridging the rights of farmers and ranchers to use agricultural practices not prohibited by federal or state law. In light of the possibility that legislation may affect this case, even if ultimately through legislative vehicles other than those two bills, this court continues the hearing on the pending motions in this case until the legislative session has concluded, and extends the injunction staying the enactment, implementation, and enforcement of the ordinance at the heart of this case. That injunction was stipulated to by Plaintiffs Robert Ito Farm, Inc.,

Hawaii Farm Bureau Federation, Maui County, Molokai Chamber of Commerce, Monsanto Company, Agrigenetics Inc., Concerned Citizens of Molokai and Maui, Friendly Isle Auto Parts & Supplies, Inc., New Horizon Enterprises, Inc., and Hikiola Cooperative (collectively, "Plaintiffs"), and by the County of Maui (the "County").

The hearing on the motions currently pending in this case is continued until 9 a.m. on Monday, June 15, 2015. The injunction staying the enactment, implementation, and enforcement of the ordinance in issue remains in effect until the court rules on the merits of this dispute.

**II.     FACTUAL BACKGROUND.**

On November 4, 2014, "A Bill Placing a Moratorium on the Cultivation of Genetically Engineered Organisms" (the "Ordinance") was passed by ballot initiative in the County of Maui. See ECF No. 26, PageID # 440.

The Ordinance renders it "unlawful for any person or entity to knowingly propagate, cultivate, raise, grow or test Genetically Engineered Organisms within the County of Maui" until such ban is amended or repealed by the Maui County Council. ECF No. 71-4, PageID # 1412; ECF No. 102-21, PageID # 2520. The Ordinance provides an exception to the ban on genetically engineered ("GE") organisms if an organism is in "mid-growth cycle" when the Ordinance is enacted. See id.

Any person or entity that violates the Ordinance is subject to civil penalties of $10,000 for the first violation, $25,000 for the second violation, and $50,000 for the third or any subsequent violation. See ECF No. 71-4, PageID # 1413; ECF No. 102-21, PageID # 2521. Each day that a person or entity is in violation of the Ordinance is considered a separate violation. See id.

In addition to civil penalties, "any person or entity, whether as principal, agent, employee, or otherwise, violating or causing or permitting the violation of any of the provisions of [the Ordinance], shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than two-thousand dollars ($2,000.00), or imprisoned not more than one (1) year, or both, for each offense." Id.

Plaintiffs filed their Complaint against the County on November 13, 2014, asserting that the Ordinance is preempted under federal law and state law, violates the Commerce Clause of the United States Constitution, and violates the Maui County Charter and state law.

On November 17, 2014, Plaintiffs and the County stipulated, and the court ordered, that the Ordinance may not be "published, certified as an Ordinance, enacted, effected, implemented, executed, applied, enforced, or otherwise acted upon until March 31, 2015, or until further order of this Court, in

order to allow for adequate time for the parties to brief and argue and for the Court to rule on the legality of the Ordinance as a matter of law." ECF No. 26, PageID # 441.

On December 15, 2014, Alika Atay, Lorrin Pang, Mark Sheehan, Bonnie Marsh, Lei'ohu Ryder, and SHAKA Movement ("Intervenors") were permitted to intervene in this action as Defendants. See ECF No. 63.

Two bills were introduced in the Legislature of the State of Hawaii that, if enacted, would prohibit county ordinances abridging the rights of farmers and ranchers to use agricultural practices not prohibited by federal law or state law. See H.B. No. 849; S.B. No. 986. These bills were introduced after the summary judgment motion now before this court was filed, so the bills are not addressed in the summary judgment briefs. Although the court (and, the court assumes, the parties) became aware of the bills, neither the court nor the parties immediately raised the subject of the bills, as there were no substantive proceedings scheduled in the case until March 10, 2015, and as the fate of the bills was uncertain.

Shortly before the March 10 hearing, the court suggested that the March 10 hearing time be used to address whether to defer consideration of the motions before the court in light of the bills. As it turned out, neither H.B. No. 849 nor S.B. No. 986 met the Legislature's decking or cross-over

4

deadline.  Neither bill appears at the moment likely to be enacted in 2015.  All parties nevertheless acknowledged on the record at the March 10 hearing in this lawsuit that legislative procedures might still allow for language from the bills to become law in 2015.  That is, while the bills themselves might not move forward, the content of the bills could conceivably find its way into other bills.

Given the chance, however remote, that legislation might affect the present dispute, a discussion was held on March 10 regarding whether the Ordinance should be stayed until the Legislature adjourns in May 2015.  Plaintiffs and the County expressed the view that the terms of the injunction they had stipulated to already stay the effect of the Ordinance until the date the court rules on the merits of this dispute, whenever that might be.  See ECF No. 24, PageID # 429 ("Defendant County of Maui shall be and is hereby enjoined from . . . enacting, . . . enforcing, or otherwise acting upon the Ordinance, and the Ordinance shall not be . . . enacted, . . . enforced, or otherwise acted upon until March 31, 2015, *or until further order of this Court, in order to allow for adequate time for the parties to brief and argue and for the Court to rule on the legality of the Ordinance as a matter of law*." (emphasis added)).

Intervenors opposed any injunction beyond March 31, 2015, noting that they had not been parties to the original

5

stipulation.  The court permitted Intevenors to file a brief discussing the balance of hardships relevant to an extension of the injunction beyond March 31, 2015.[1]  See ECF No. 130.

**III.    STANDARD.**

To obtain a preliminary injunction, a party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  A preliminary

---

[1] In issuing the present order, the court is relying on the factual circumstances included in the record.  As noted above, there is no dispute among the participants in this case that a possibility, while slight, exists that legislation affecting this case might pass in 2015, even if such legislation ends up being contained in a vehicle other than H.B. No. 849 or S.B. No. 986. The court reiterates this in light of a rumor that came to the court's attention only because one of the district judge's relatives happened to make a reference to a letter the relative had heard might have been written by a state legislator to the judge in connection with this case.  The judge did not engage in discussion on the subject with the relative.  The court would not normally comment on rumors, but does so here only because of the allegedly official nature of the communication referred to.  The judge has not received any such letter.  Indeed, with respect to factual matters, except for materials that are readily available to the parties and verifiable as authentic, courts typically confine themselves to relying on materials that are submitted by the parties and that are included in the record.  No such letter was submitted by a party, and none is in the record.  Moreover, any such letter would be irrelevant to the present ruling unless it provided some reason for this court to disregard the unanimous acknowledgment by the participants in this case, apparently based on observations or experiences in other instances, that, even if particular bills are not advancing in a legislative session, a possibility remains for the passage in the session of some legislation that includes provisions from those bills.

injunction may also issue when there are serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

**IV. ANALYSIS.**

    **A. Intervenors' Request For an Evidentiary Hearing is Denied.**

Intervenors contend that they are entitled to an evidentiary hearing before this court makes any ruling relating to the injunction entered into by stipulation. See ECF No. 131, PageID # 2910. Intervenors assert that an evidentiary hearing is necessary for Plaintiffs to demonstrate irreparable harm and for Intervenors to oppose issuance of an injunction. See id. at PageID #s 2910-11.

Intervenors' request for an evidentiary hearing is denied. Contrary to their contention, Intervenors have not been deprived of an opportunity to oppose issuance of an extended injunction. Before the hearing on March 10, 2015, Intervenors had notice that the court was considering extending the injunction, see ECF No. 128, and Intervenors argued against an extension at that hearing. They then submitted a brief on the balance of hardships issue. Intervenors contend that the notice requirement in Rule 65(a) of the Federal Rules of Civil Procedure

7

"implies a hearing in which a defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Id. at PageID # 2910 (quoting Eisen v. Golden, 2006 Bankr. LEXIS 4790, *16-18 (B.A.P. 9th Cir. Dec. 28, 2006)). Intervenors do not demonstrate noncompliance with Rule 65(a).

To the extent Intervenors are contending that an evidentiary hearing is required to resolve disputed facts, the court is unpersuaded. Intervenors identify no material disputed facts likely to be resolved in the requested evidentiary hearing, and the court perceives no need for additional evidence to decide whether the injunction should be extended.

The court also notes that the evidentiary hearing Intervenors request would likely require discovery and findings of fact that, even if expedited, would likely occupy about the same amount of time as the extension that Intervenors oppose.

### B. An Extended Injunction is Appropriate.

The terms of the stipulation between Plaintiffs and the County allow the injunction currently in place to remain in effect beyond March 31, 2015, without further order of this court. Even if this court declines to rely solely on the stipulation to extend the injunction in the face of opposition by Intervenors, who were not parties to the stipulation, this court concludes that an extension is warranted. Support for the extension is found in Plaintiffs' motion for temporary

8

restraining order and preliminary injunction, filed prior to the stipulation. As even Intervenors agree, there are serious questions going to the merits of this case. See ECF No. 131, PageID # 2903. Plaintiffs' extensive briefing on their motion for a temporary restraining order and preliminary injunction identifies serious preemption issues of the kind addressed in Syngenta Seeds, Inc. v. County of Kauai, Civ. No. 14-00014 BMK, 2014 WL 4216022 (D. Haw. Aug. 25, 2014), and Hawaii Floriculture & Nursery Association v. County of Hawaii, 2014 WL 6685817 (D. Haw. Nov. 26, 2014). In those cases, orders were filed precluding implementation of ordinances in other counties in Hawaii regulating genetically engineered organisms. The preemption rulings in those two decisions demonstrate the seriousness of the questions on the merits of this dispute.

This court also concludes that Plaintiffs are likely to suffer irreparable harm in the absence of an injunction staying enforcement of the Ordinance until the court rules on the merits of the dispute raised by this case. If the Ordinance takes effect, Plaintiffs Monsanto Company ("Monsanto") and Agrigenetics Inc. ("Agrigenetics"), will be barred from any new planting of GE crops, the primary focus of their operations. See ECF No. 5-1, PageID # 129. Although Intervenors characterize the harm to Plaintiffs resulting from enforcement of the Ordinance as purely monetary, the potential harm extends beyond pocketbook injuries.

9

To the extent having to stop planting GE crops injures the ability of Monsanto and Agrigenetics to compete in the industry and causes them to lose customers, those are injuries that courts have recognized as intangible harms incapable of being redressed monetarily. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 861 F. Supp. 2d 1170, 1188 (D. Haw. 2012); Design Furnishings, Inc. v. Zen Path LLC, No. CIV. 2:10-02765 WBS GGH, 2010 WL 4321568, at *4 (E.D. Cal. Oct. 21, 2010).

Collateral effects on other businesses reliant on Monsanto's and Agrigenetics' GE operations, including Plaintiffs Friendly Isle Auto Parts & Supplies, Inc., and New Horizon Enterprises, Inc., will also likely result from implementation of the Ordinance. See ECF No. 1, PageID #s 9-10. Aside from monetary loss, those businesses may, like Monsanto and Agrigenetics, lose prospective customers and the ability to compete in their industries as a result of the Ordinance's enforcement.

For the same reasons that the court concludes that Plaintiffs will suffer irreparable harm, the court sees the balance of hardships tipping sharply towards Plaintiffs.

Although this court concludes that the harms cited by Plaintiffs alone tip the balance of hardships sharply in their favor, this court also considers the harm that may result to the County in the absence of an injunction, as the County and

10

Plaintiffs are aligned in stipulating to the extended injunction that Intervenors oppose.  Absent an injunction, the County must implement the infrastructure necessary to enforce the Ordinance.  If the Legislature prohibits the County from banning GE organisms, or if the court grants Plaintiffs' pending motion for summary judgment, such efforts by the County may be for naught.  A short stay of the Ordinance could avoid a potential waste of taxpayer resources.

In addition to the potential harms outlined above, implementation of the Ordinance could result in the loss of jobs for individuals in jobs relating to GE organisms.  <u>See</u> ECF No. 5-1, PageID # 129; <u>see also</u> ECF No. 1, PageID #s 6-8.  The effects of job loss will likely be particularly severe on the island of Molokai, where job prospects are limited and the unemployment rate is high.  <u>See</u> ECF No. 5-1, PageID # 130.  Unemployment cannot be confined to purely monetary effects.  The loss of a job affects the availability of health insurance and of college and other opportunities for the laid-off worker's family members.  These personal losses could have long-term effects on the County as a whole.

Intervenors contend that the balance of hardships tips in their favor because the issuance of an injunction will cause irreparable harm to the environment, public health and safety, Native Hawaiian interests, and the integrity of the political

11

process.  ECF No. 131, PageID # 2905.

But whatever harm the proposed extension of the injunction might cause to the environment and to public health and safety would be indisputably brief.  The extended injunction will stay the Ordinance only until shortly after the 2015 legislative session ends, a new hearing is held, and this court rules on the merits of this dispute.  This will be a matter of a few months.

Any environmental or public health and safety harm resulting from maintaining the status quo for a few more months must be viewed in the context of the provision in the Ordinance saying that the ban on GE organisms does not apply to organisms in "mid-growth cycle" at the time the Ordinance is enacted. Section 11-7 of Article 11 of the Maui County Charter provides that a proposed ordinance approved by a majority vote of qualified electors "shall be considered enacted upon certification of the election results."  The Ordinance has not yet been certified.  See ECF No. 101, PageID # 2263.  Even if "enactment" occurred on March 31, 2015, GE crops in "mid-growth cycle" at that time would be unaffected by the Ordinance, and their cultivation could continue.  Intervenors focus much of their attention on potential harms from pesticide use should the injunction be extended a few months, but Intervenors do not even suggest that pesticide use would significantly abate absent an

12

injunction during those few months given the exemption for "mid-growth cycle" organisms.

Intervenors' arguments regarding pesticides also appear inconsistent. In their opposition to Plaintiffs' motion for summary judgment, Intervenors say that the Ordinance "does not seek to regulate pesticide users or distribut[o]rs." ECF No. 101, PageID # 2283. Here, however, Intervenors focus much of their argument against extension of the injunction on harms flowing from pesticide use. See, e.g., ECF No. 131, PageID #s 2906, 2907-08.

With respect to Intervenors' contentions regarding irreparable harm to Native Hawaiians, Invervenors' papers do not clearly describe the alleged harms at issue. Intervenors state that the Native Hawaiian practices of "protecting the land, preserving native species, and utilizing native plants and animals in the environment" are "threatened by continued GMO operations," but offer no explanation of how that is the case. Intervenors' papers do not describe precisely what damage will result to which Native Hawaiian practices or to which species from an injunction staying enforcement of the Ordinance over the next few months. The declaration Intervenors refer to in their discussion of harm to Native Hawaiians appears to concern only the alleged pesticide issue.

Intervenors also contend that an extension of the

13

injunction staying enforcement of the Ordinance will harm the integrity of the political process. See ECF No. 131, PageID #s 2909-10. Intervenors say that "[t]he County will greatly undermine the will of the people if it is not compelled to certify the election results approving a ballot measure and implement the law that the majority of Maui voters approved into law." ECF No. 131, PageID # 2910.

A short stay of the Ordinance will not undermine the integrity of the political process. The Ordinance is the subject of litigation that may be affected by state legislation that is no less part of the political process than a County initiative. A short delay in enforcement of the Ordinance in light of the reality of the legislative process and judicial review does no harm to the integrity of the political process at the County level.

The harms outlined by Intervenors do not tip the balance of hardships in their favor.

Finally, this court examines whether extending the injunction is in the public interest. An injunction staying the Ordinance for the few months it takes to determine whether the Legislature will act, and to allow this court to rule on the merits of this dispute, is in the public interest. As previously noted, a delay of this litigation makes practical sense given the potential effect of legislation on this case. Failure to extend

the injunction staying the Ordinance could result in a considerable waste of public resources if the County is forced to build the infrastructure necessary to enforce the Ordinance, only to find that other circumstances render those efforts unnecessary.

The court has determined that: (1) there are serious questions going to the merits; (2) there is a likelihood of irreparable injury to Plaintiffs; (3) the balance of hardships tips sharply towards Plaintiffs and the County; and (4) an injunction is in the public interest. On the basis of those determinations, the court extends the injunction barring enactment, implementation, or enforcement of the Ordinance until this court has ruled on the merits of this dispute. The hearing on the motions in this case previously scheduled for March 10, 2015 (and then for March 31, 2015), is continued until 9 a.m. on Monday, June 15, 2015, after the end of the legislative session in May. The court expects to issue a ruling on those motions no later than the end of June. (The hearing on the matters in Atay v. County of Maui, Civ. No. 14-00582, remain on the calendar for March 31, 2015.)

**V.     CONCLUSION.**

Pursuant to this order, the County is enjoined from enacting, implementing, or enforcing the Ordinance until the court has ruled on the merits of this dispute.

15

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 19, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District

Robert Ito Farm, Inc., et al. v. County of Maui; Civil No. 14-00511 SOM/BMK; ORDER EXTENDING INJUNCTION ENTERED INTO BY STIPULATION