IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT ITO FARM, INC.; HAWAII FARM BUREAU FEDERATION, MAUI COUNTY; MOLOKAI CHAMBER OF COMMERCE; MONSANTO COMPANY; AGRIGENETICS, INC.; CONCERNED CITIZENS OF MOLOKAI AND MAUI; FRIENDLY ISLE AUTO PARTS & SUPPLIES, INC.; NEW HORIZON ENTERPRISES, INC. dba MAKOA TRUCKING AND SERVICES; and HIKIOLA COOPERATIVE,<br><br>        Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI,<br><br>        Defendant,<br><br>  and<br><br>ALIKA ATAY; LORRIN PANG; MARK SHEEHAN; BONNIE MARSH; LEI`OHU RYDER; and SHAKA MOVEMENT,<br><br>        Intervenor-<br>        Defendants. | CIVIL NO. 14-00511 SOM-BMK<br><br>ORDER REQUIRING PLAINTIFFS TO SERVE COUNSEL FOR INTERVENOR-DEFENDANTS IMMEDIATELY WITH ECF NOS. 18, 19, AND 20 AND REFERRING TO MAGISTRATE JUDGE REMAINDER OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

**ORDER REQUIRING PLAINTIFFS TO SERVE COUNSEL FOR INTERVENOR-DEFENDANTS IMMEDIATELY WITH ECF NOS. 18, 19, AND 20 AND REFERRING TO MAGISTRATE JUDGE REMAINDER OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Before the court is Plaintiffs' Motion for Protective Order Restricting Access To Sealed Documents. This court orders Plaintiffs to send copies to Intervenor-Defendants' counsel immediately of the three sealed documents filed as ECF Nos. 18, 19, and 20, and refers all other matters raised by the Motion to

the Magistrate Judge. Unless the Magistrate Judge deciding the remainder of the pending Motion for Protective Order orders that further disclosure is allowed, Intervenor-Defendants' counsel is not allowed to share the sealed documents themselves or the content of what is sealed (and therefore not publicly available) with anyone except (1) other counsel of record in this case, and (2) individuals employed by the law firm listed as counsel of record for Intervenor-Defendants, provided those employees understand and agree that they may not disclose the sealed documents or the contents of the sealed documents with anyone else and provided further that disclosure to such employees is for the purpose of facilitating counsel's work in this case. Thus, counsel may not disclose sealed material even to counsel's clients who are parties. Unless the Magistrate Judge rules otherwise, Intervenor-Defendants' counsel is not allowed to include sealed content in any publicly filed brief or other document.

In limiting disclosure to Intervenor-Defendants' counsel and counsel's employees for now, this court does not intend to suggest that this limitation should or should not be permanent. Rather, this limitation is being imposed in aid of allowing the court to act swiftly to allow Intervenor-Defendants' counsel to see the sealed documents, even before briefing on other matters raised by the Motion has been completed. Indeed,

this court has not even waited for Intervenor-Defendants to present arguments to the court as to why at least their attorneys should have access to the sealed documents.  This court has no hesitation is determining that, at the very least, counsel should be able to see the documents, and the court was not aware until reviewing the Motion for Protective Order that Intervenor-Defendants' counsel lacked such access.

First, this court has been assuming that all counsel of record in this case have had access to all documents filed in this case.  Although Intervenor-Defendants entered the case after the sealed documents in issue were filed, this court thought that everything filed before or after Intervenor-Defendants entered the case was available to Intervenor-Defendants' counsel.  The reason the court had this assumption is that the court misunderstood how sealed documents were handled by administrative staff in the electronic case file.  The court is able to view sealed documents online, and thought that the attorneys in the case, but not the public, had the same electronic access.  Instead, while the attorneys could be given the same electronic access just as a matter of technology, they typically instead view sealed materials only through the hard copies served on them by the party who filed the sealed material.  This system apparently was implemented as a general protection against

unintended or mistaken disclosure to the public.  The court
confesses that it did not apprehend this before now.

Second, this court had no prior reason to specifically
consider whether Intervenor-Defendants' counsel could view sealed
documents filed before intervention was allowed because no party
raised that issue for the court's consideration.  The only sealed
documents filed in this case concerned Plaintiffs' Motion for
Temporary Restraining Order and Preliminary Injunction, which was
ultimately rendered moot by the pre-intervention filing of a
Stipulation Regarding County of Maui Ordinance and Order.
Intervenor-Defendants' counsel certainly had access to the docket
sheet in the case, which plainly reflected the existence of
sealed documents, yet took no earlier steps to seek access to the
sealed documents.  Hearing no concern about such access from any
party, this court had no reason even to wonder whether any
attorney in this case was being prevented from reviewing any
document in the record.

Third, when this court entered its Order Extending
Injunction Entered Into By Stipulation, this court did not rely
on the sealed documents at all.  Although the fact that there
were redactions from the publicly filed documents was clear from
the Motion for Temporary Restraining Order and Preliminary
Injunction, this court made no reference to the sealed documents
in its extension order and, in fact, neither the judge nor her

4

law clerk paid any heed at all to the sealed materials in preparing the extension order. There was more than enough in the public record to support the court's extension order. Thus, it is not the case that Intervenor-Defendants were actually prejudiced by not having access to the sealed documents before the extension order was filed.

Fourth, the court became aware that someone was concerned about documents being sealed only when the court was informed by court staff a few days ago that an anonymous voicemail message had been left complaining about the sealed documents. The anonymous voicemail was followed by two written messages left in the court's "orders box" with the same complaint by members of the public. The "orders box" is intended to be used only by attorneys who are submitting proposed orders, not as a means for members of the public to tell the court what those members of the public dislike about court rulings. While members of the public are certainly free to express themselves, they should not be doing so by misusing the "orders box," and judges do not typically respond to public misusers. In any event, the gist of the complaints was that counsel of record could not see the sealed documents, and the court believed at the time that this assertion was incorrect. As noted above, the court assumed all along that all attorneys of record in this case had access to all filings. Certainly the court thought that any attorney of

record with a concern in that regard would promptly notify the court. Having been informed through the Motion for Protective Order that Intervenor-Defendants' counsel has not seen sealed documents, the court hastens to correct the situation, but with the limitations, at least for now, set forth in this order.

This court has no reason to think that, as suggested by Plaintiffs, there is any danger posed to Plaintiffs by allowing Intervenor-Defendants' *counsel* to see the sealed materials. The attorneys representing Intervenor-Defendants are as much officers of the court in good standing as are the attorneys representing Plaintiffs and the County, and the court trusts that all counsel will comply with court orders. If, as proceedings continue, any attorney for any party gives the court reason to retract any part of the preceding statement, the court will, of course, act appropriately, but at this point, the court sees disclosure of the sealed documents at least to counsel as clearly warranted.

The Magistrate Judge may set such briefing or hearing schedule as the Magistrate Judge sees fit. Plaintiffs indicate that they may be willing to unseal some material. If that is so, Plaintiffs should act quickly to avoid making the court and the other parties have to spend more time than necessary on this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 24, 2015.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

ROBERT ITO FARM, INC., et al. v. COUNTY OF MAUI, et al. Civil No. 14-00511 SOM-BMK, ORDER REQUIRING PLAINTIFFS TO SERVE COUNSEL FOR INTERVENOR-DEFENDANTS IMMEDIATELY WITH ECF NOS. 18, 19, AND 20 AND REFERRING TO MAGISTRATE JUDGE REMAINDER OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER